IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FREDERICK H. GRUMBLEY,     )
                                )
            Petitioner,       )
                                )
                                )     CIV-12-858-D
v.                               )
                                )
STATE OF OKLAHOMA,        )
                                )
            Respondent.     )

## REPORT  AND  RECOMMENDATION

Petitioner, a Michigan state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  For the following reasons, it is recommended that the Petition be summarily denied.

Petitioner has sought leave to proceed *in forma pauperis* in this action.  His motion for leave to proceed *in forma pauperis* (Doc. # 2) does not contain the required information or certification as to his institutional accounts. See 28 U.S.C. §§ 1915(a)(1), (2). Despite these deficiencies, the Court should grant Petitioner's motion in light of his incarcerated status and the summary disposition recommended herein.

In his Petition, Petitioner states that he is incarcerated at the Newberry Correctional

1

Center serving one or more sentences (Petitioner states only that the sentences are for "24 Years to 50 Years") for one or more unidentified convictions entered in Michigan on June 9, 2004.  Petitioner names the State of Oklahoma as the Respondent and asserts that he is challenging the conviction for larceny of an automobile entered against him in the District Court of Stephens County, Oklahoma, on November 9, 1998, in Case No. 014015C. Petitioner states that an alternative sentence of "120 days RID Program" was entered for this conviction.

Public records of the Oklahoma Department of Corrections ("ODOC") reflect that Petitioner was convicted of the offense of larceny of an automobile, aircraft, or other motor vehicle in the District Court of Stephens County, Case No. CRF-88-123, and sentenced to a three year term of incarceration. http://doc.state.ok.us (offender information accessed August 9, 2012).  His period of incarceration began on November 9, 1988, and ended on August 29, 1991. Id.  No other convictions appear in the public records of ODOC for Petitioner.

The pre-eminent issue is this Court's proper exercise of habeas jurisdiction. See Oyler v. Allenbrand, 23 F.3d 292, 293 (10th Cir. 1994)(recognizing court's duty to inquire into its own federal jurisdiction).  The federal habeas statute provides a district court with authority to consider a petition brought by a person in custody pursuant to a state court judgment only on the ground that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).  "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on

individual liberty." <u>Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County</u>, 411 U.S. 345, 351 (1973).  A habeas petitioner does not remain "'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." <u>Maleng v. Cook</u>, 490 U.S. 499. 491 (1989).  Petitioner's statements in his Petition and ODOC's public records clearly show that Petitioner was in custody at the time he filed his Petition only for his Michigan state conviction or convictions.  Accordingly, Petitioner may not challenge the conviction entered in Stephens County District Court in Case No. 014015C in November 1998 or the conviction entered in the Stephens County District Court in Case No. CRF-88-123.[1]   Accordingly, the Petition should be denied.

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED.  It is also recommended that Petitioner's motion for leave to proceed *in forma pauperis* (Doc. # 2) be GRANTED. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ____August 29th____ , 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.  <u>Moore v. United States of</u>

---

[1]Petitioner has also failed to demonstrate that he exhausted state court remedies as required by 28 U.S.C. § 2254(b)(1) concerning his claim that the district court lacked jurisdiction to convict him of the larceny offense.  The Court, however, may and should deny habeas relief despite Petitioner's failure to demonstrate he has satisfied the exhaustion requirement.  28 U.S.C. §2254(b)(2).

America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this _____9th_____ day of ____August____, 2012.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

4