IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FREDERICK HARVEY GRUMBLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-12-858-D |
| ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 5], issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1). Upon initial screening, Judge Purcell recommends denial of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus for lack of jurisdiction, but recommends that Petitioner be granted leave to proceed *in forma pauperis*. Petitioner has filed a timely written objection. Accordingly, the Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, who appears *pro se*, seeks a writ of habeas corpus with respect to a 1998 conviction and "120 days RID Program" sentence by the District Court of Stephens County, Oklahoma, for larceny of an automobile. *See* Petition [Doc. No. 1] at 1. Petitioner claims he pled guilty without knowing that the Oklahoma court lacked jurisdiction because the offense was committed in Arkansas, where he stole the car from the owner's garage. Although the Petition contains an incorrect case number for the Stephens County case, Judge Purcell has confirmed from publicly available records of the Oklahoma Department of Corrections (DOC) that Petitioner

received a Stephens County sentence for larceny of a motor vehicle in 1988, which was fully discharged in 1991. Petitioner is currently incarcerated in Michigan for an indeterminate sentence imposed in 2004. *See* Petition [Doc. No. 1] at 8 (page number assigned by the ECF system). Because Petitioner has discharged his Oklahoma sentence, however, Judge Purcell finds that the Petition fails to show a basis for jurisdiction under 28 U.S.C. § 2254, which requires that a person be "in custody" pursuant to a state court judgment in violation of federal law. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989); *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

Upon *de novo* consideration of the jurisdictional issue, the Court finds that Judge Purcell's analysis is entirely correct. Petitioner fails to satisfy the "in custody" requirement of § 2254 because the sentence for his challenged conviction had fully expired before the Petition was filed. *See Maleng*, 490 U.S. at 491-92. Even though Petitioner's Oklahoma felony conviction may continue to have collateral consequences, any such consequences are insufficient by themselves to place him "in custody" pursuant to that sentence at the time the Petition was filed. *See id*. at 492.

In his Objection, Petitioner does not dispute the fact that his Oklahoma sentence has expired nor assert that it has any present effect, "regardless what case number and regardless when the conviction was obtained." *See* Objection [Doc. No. 6], ¶ 3. Instead, as he did in the Petition, Petitioner relies on *Tucker v. Peyton*, 357 F.2d 115 (4th Cir. 1966), for the principle that a habeas petitioner has standing to challenge a sentence he has fully served without questioning the validity of the sentence under which he is currently being held. Assuming *Tucker* states a valid principle in light of *Maleng*, the facts of *Tucker* are distinguishable. The prisoner in that case received a series of convictions beginning in 1942. He remained in custody pursuant to the subsequent convictions and sought to challenge the first one, which was used to enhance his later sentences. By establishing the invalidity of his first sentence, the aggregate of his later sentences would have expired and he

would have been entitled to be released. *See Tucker*, 357 F.2d at 117. In this case, Petitioner claims no similar circumstances.

Further, this Court is bound by precedents of the Tenth Circuit. In this circuit, the court of appeals has squarely held that the Supreme Court's decision in *Maleng*

> precludes a defendant from challenging a fully-expired conviction in isolation even though it may have potential collateral consequences in some future case. Further, even if the fully-expired conviction has, in fact, been used to enhance a subsequent sentence, it may not be attacked directly in a habeas action. Rather the attack must be directed toward the enhanced sentence under which the defendant is in custody. However, if the attack is so directed, the defendant may argue that his present sentence is improper because it has been enhanced by a prior, unconstitutional conviction.

*Harvey v. Shillinger*, 76 F.3d 1528, 1537 (10th Cir. 1996) (quoting *Gamble v. Parsons*, 898 F.2d 117, 118 (10th Cir.1990)); *see also Crandall v. Bowersox*, 131 F. App'x 639, 641 (10th Cir. 2005); *but see Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (defendant generally may not challenge an enhanced sentence under § 2254 on the ground a prior conviction was unconstitutionally obtained). In this case, Petitioner is making a direct attack on a fully-discharged sentence. Even if it provided a basis to enhance a sentence under which Petitioner is presently confined, which is not alleged, this fact would be insufficient to render Petitioner "in custody" pursuant to his expired Oklahoma sentence.

For these reasons, the Court finds that Petitioner cannot bring a collateral attack on the challenged Oklahoma conviction through this § 2254 action against the State of Oklahoma. Therefore, the Court adopts the Report and Recommendation to the extent that Judge Purcell finds a lack of jurisdiction. However, the Petition should be dismissed rather than denied.

IT IS THEREFORE ORDERED that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is dismissed for lack of jurisdiction.  Judgment shall be entered accordingly.  The Motion for Leave to Proceed In Forma Pauperis [Doc. No. 2] is granted.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   Where a claim is dismissed on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.  Upon consideration, the Court finds this standard is not met in this case.  Therefore, a COA will be denied.  The denial shall be included in the judgment.

IT IS SO ORDERED this 22nd day of August, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE